UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDIBERTO ASEVEZ-SANTILLANO,<br><br>Defendant. | CASE NO. CR15-259 JLR<br><br>ORDER ON MOTION TO REDUCE SENTENCE |

The above-entitled Court, having received and reviewed Defendant Asevez-Santillano's motion for reduction of sentence (Dkt. No. 942), the Government's response to Defendant's motion (Dkt. No. 943), all attached exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

Mr. Asevez-Santillano plead guilty to Conspiracy to Distribute Controlled Substances, at the lesser-included 841(b)(1)(B) level. As part of the plea agreement, the parties consented to a sentencing range of eight to twelve years, well below the Guideline range of 262 – 327 months,

as calculated by the Government and the Probation Office. This Court sentenced Defendant to 120 months – the middle of the agreed-upon range – on July 1, 2016.

Defendant's motion contains heartfelt apologies and regret for his conduct, as well as chronicling a truly impressive list of activities and courses that he has undertaken to improve his education and language skills and explore his spirituality. The Court congratulates him on his efforts and is confident that the steps he has taken towards self-improvement will greatly increase his chances of a successful transition once he is released.

It is, however, not within this Court's authority to grant his request for an earlier release. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (9th Cir. 1997) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)). Once a sentence is imposed, a court may not modify a term of imprisonment, except to the extent permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. §§ 3582(b) and (c); *United States v. Dillon*, 560 U.S. 817 (2010).

Mr. Asevez-Santillano does not cite to any statutory grounds supporting his request (including 28 U.S.C. § 2255), and the Court is unaware of any. In the absence of any statute permitting the Court to do as Defendant requests, his motion must be denied.

The clerk is ordered to provide copies of this order to Defendant and to all counsel.

Dated April 1, 2020.

_____
Marsha J. Pechman
United States Senior District Judge